**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYRONE WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al. | : | NO.  07-3158 |

### REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                              OCTOBER 31, 2008
UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §

2254 by Tyrone Williams.  Petitioner is incarcerated at the State Correctional Institution in

Graterford, Pennsylvania ("SCI-Graterford").  For the reasons which follow, the habeas petition

should be denied and dismissed.

### 1.  BACKGROUND

The habeas petition alleges that, following a jury trial in the Court of Common Pleas of

Philadelphia, on December 20, 1985 petitioner was convicted of burglary and attempted rape.

See Hab. Pet. ¶¶ 1-6.  The petition further alleges that Williams was sentenced to fifteen to thirty

(15-30) years in prison, id. ¶ 3, and that on direct appeal the Superior Court of Pennsylvania

affirmed the judgment of conviction, and Pennsylvania's Supreme Court denied allowance of

appeal on August 6, 1989, id. ¶ 9.  Williams indicates that he initiated proceedings under

Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46, that the Superior

Court affirmed the denial of his PCRA petition and that the Supreme Court of Pennsylvania

denied allowance of appeal in 1991.  See Hab. Pet. ¶ 11(a).

According to Williams, the Pennsylvania Board of Probation and Parole ("Board" or "PBPP") denied his requests for parole on at least six (6) occasions between October 1999 and August 2006.  See Petr.'s Br. at 6-7.  The habeas petition challenges these denials of parole as arbitrary and capricious and as violations of the Ex Post Facto Clause of the Constitution.  See Hab. Pet. ¶ 12(A)-(B).  Petitioner's brief attached to the habeas petition alleges that these denials of parole violated Williams' rights to due process and equal protection, as well as violating the Ex Post Facto Clause.  See Petr.'s Br. at 14.

Subsequent to the filing of the habeas petition, the Board issued a decision granting Williams "parole to an approved plan after successful period in pre-release upon condition that there are no misconducts and subject to [certain] special conditions," including "out-patient sex offender treatment" and prohibiting consumption and possession of alcohol.  See Notice of Bd. Decision dated 10/26/07, at 2 (caps omitted).  In light of the Board's decision, the Attorney General of Pennsylvania ("respondent") filed a Response to the habeas petition (Doc. 13) representing that in October of 2007, while this § 2254 petition was pending, "the Board re-interviewed Williams and granted him parole."  See Resp. to Hab. Pet. (Doc. 13) at 1.  Therefore, respondent contended that the petition should be denied as moot.  Id.

In a subsequent filing on March 5, 2008, Williams notified the Court that he still had not been released on parole, and he challenged the Board's October 26, 2007 decision in that parole had been made "contingent upon the [Department of Corrections] granting the petitioner pre-release."  See Petr.'s filing dated 3/5/08, ¶ 10.  In light of petitioner's March 5, 2008 filing,

respondent was Ordered to file a Supplemental Response to the habeas petition.[1]  In the

Supplemental Response, respondent urges the Court to deny the petition in that it includes

unexhausted claims, and in any event, that the Board's parole condition that he successfully

complete prerelease before granting parole did not violate his constitutional rights.  See Supp.

Resp. to Hab. Pet. (Doc. 18) at 3-8.  On April 18, 2008, petitioner filed a reply asserting that he

"did seek relief in the State court before initiating his federal habeas corpus action," and therefore

that he has exhausted state remedies.  See Petr.'s Reply (Doc. 19) at 1.  Petitioner also argues that

the wording of the Board's October 26, 2007 decision that he be granted parole "after [a]

successful period in pre-release," see Bd.'s Notice of Decision dated 10/26/07, at 2 (caps

omitted), was in effect, not a granting of parole at all.  Id. at 1-2.

On May 9, 2008, subsequent to the filing of the Supplemental Response to the habeas

petition and petitioner's reply, the Board issued a decision "modif[ying] [the] paroling paragraph

portion of [the] Board action recorded on 10/26/07, to now read:"

> **Parole to a Community Corrections Residency** for a minimum
> of 6 months.  You shall enter into and actively participate in the
> Community Corrections Rules of the Community Corrections
> Residency.  Any violation of the program rules or regulations may
> constitute a violation of parole and may result in sanctions and
> arrest.  You must have an approved plan prior to release from the
> Residency.

See Notice of Bd. Decision dated 5/9/08 (caps omitted) (emphasis added).[2]

---

[1]Therefore, although not styled as such, Doc. 18 filed by respondent shall be referred to
herein as the Supplemental Response to the habeas petition.

[2]The Board's May 9, 2008 decision also "add[ed] the following special condition of
parole: must participate in enhanced supervision for a minimum of 6 months.  All other
conditions to remain the same."  See Notice of Bd. Decision dated 5/9/08 (caps omitted).

## 2.   Discussion

Williams' § 2254 petition was filed prior to the Board's October 26, 2007 parole decision, as modified on May 9, 2008.  Therefore, his habeas petition challenges the Board's denials of parole **prior** to the most recent Board decision, and his claims are moot in that regard. In particular, since the appropriate relief in this case where petitioner challenges the Board's prior parole decisions would be a new parole consideration by the Board, and since petitioner has received a new parole decision since the filing of his habeas claims, to the extent that the habeas petition challenges the denials of parole prior to that modified decision, see Petr.'s Br. at 5-14, the habeas petition is moot.  See DeFoy v. McCullough, 2007 WL 2903922, at *5 (W.D. Pa. Sept. 28, 2007) (finding claims challenging parole denials prior to the most recent denial moot); Smith v. Nish, 2007 WL 1544829, at *2 (M.D. Pa. May 24, 2007) (observing that "the appropriate remedy for a successful habeas action challenging the Board's denial of parole is generally to remand the case for a new parole consideration" and pointing out that since the Board subsequently granted parole, the habeas claim appeared moot); McCole v. PBPP, 2006 WL 2792212, at *2 (W.D. Pa. Sept. 26, 2006) (citing cases) (finding that challenges to earlier parole denials were moot and thus limiting review to the most recent parole decision); Taylor v. PBPP, 2004 WL 3185309, at *4 n.1 (E.D. Pa. Dec. 30, 2004) (finding claims challenging previous decisions of the Board moot as the "latest decision [of the Board] is the only one ripe for consideration"), adopted by, 2005 WL 331733, at *1 (E.D. Pa. Feb. 8, 2005).

Petitioner's March 5, 2008 filing complains that, despite the Board's October 26, 2007 decision granting him parole, he has not yet been released from SCI-Graterford, and he specifically challenges the language of that decision granting parole to an approved plan only

"after [a] successful period in pre-release upon the condition that there are no misconducts," <u>see</u> Bd.'s Notice of Decision dated 10/26/07, at 2 (caps omitted).  <u>See</u> Petr.'s filing dated 3/5/08, ¶ 10.  However, assuming arguendo that petitioner raises a cognizable habeas claim challenging the wording of the October 26, 2007 Board decision,[3] that claim also appears to be moot in light of the Board's subsequent May 9, 2008 **modification** of its decision which effectively replaced the wording challenged by Williams with language clarifying that Williams has been granted "parole to a Community Corrections Residency."  <u>See</u> Bd.'s Notice of Decision dated 5/9/08 (caps omitted).

Moreover, even if petitioner's claims were not moot, and assuming arguendo that this petition may be construed as alleging a cognizable habeas claim challenging the Board's **modification** of its decision by claiming a violation of Williams' due process and equal protection rights in that Williams remains in custody at SCI-Graterford,[4] habeas relief is not warranted.[5]  While it is true that petitioner remains on a waiting list for placement in a

---

[3]Pursuant to § 2254(a), this Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only** on the ground that he is in custody **in violation of the Constitution or laws or treaties of the United States.**"  <u>See</u> 28 U.S.C. § 2254(a) (emphases added).

[4]The Court is not in receipt of any filings from petitioner subsequent to the Board's May 9, 2008 decision modifying its previous parole decision.  Thus, it is not clear that he is even challenging the Board's most recent decision.  However, as explained herein, even assuming arguendo that he is, habeas relief is not warranted.

[5]Before a state prisoner may be granted habeas corpus relief in federal court, all **available** state remedies must be exhausted, and the state must be afforded a meaningful opportunity to consider his claims.  28 U.S.C. § 2254(b); <u>Coady v. Vaughn</u>, 251 F.3d 480, 488 (3d Cir. 2001) (citing <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)).  In <u>Parker v. Kelchner</u>, 429 F.3d 58, 61 (3d Cir. 2005), the Third Circuit found that a remedy may be available in the Pennsylvania courts for a parole claim alleging a violation of the Ex Post Facto Clause.  In <u>DeFoy v. McCullough</u>, 393 F.3d 439 (3d Cir.), <u>cert. denied</u>, 125 S. Ct. 2970 (2005), the Court of Appeals found that a

Community Corrections Residency,[6] habeas relief is not available under these circumstances.
See, e.g., Harper v. Thomas, 2007 WL 2713246, at *3 (E.D. Pa. Sept. 17, 2007) (no due process
or equal protection violation where habeas petition "merely awaits release to an appropriate
facility that satisf[ies] the conditions of his parole");[7] Smith, 2007 WL 1544829, at *2 (where
petitioner "remains on a waiting list to participate in the program" which was a condition of
parole); Bryant v. Thomas, 2007 WL 1650532, at *2 (E.D. Pa. May 8, 2007) (where habeas
petitioner "merely awaits release to an appropriate facility that can offer him the conditions of his

_____

state remedy "is **not available** for Pennsylvania state prisoners seeking to challenge the denial of
their parole on constitutional grounds other than the Ex Post Facto Clause." Id. at 445 (emphasis
added). Therefore, the Court held that "claims of constitutional violations in the denial of parole
[other than ex post facto claims] in Pennsylvania need not be presented to the state courts via a
petition for writ of mandamus in order to satisfy the requirement of exhaustion." Benchoff v.
Colleran, 404 F.3d 812, 819 n.5 (3d Cir. 2005) (quoting DeFoy, 393 F.3d at 445) (emphasis
added). Here, under DeFoy, there is no requirement that Williams seek relief in the Pennsylvania
courts on any parole claims other than the ex post facto claims. See Benchoff, 404.F.3d at 819
n.5 (quoting DeFoy, 393 F.3d at 445). However, to the extent that the habeas petition may be
construed as alleging that the Board's **most recent** parole decision violates the Ex Post Facto
Clause, it appears that such a claim remains unexhausted, since Williams has not alleged that he
presented such a claim to the Pennsylvania Courts. See Parker, 429 F.3d at 61 (remedy may be
available in the Pennsylvania courts for a claim alleging that the denial of parole violated the Ex
Post Facto Clause); see also Benchoff, 404 F.3d at 819 n.5 (quoting DeFoy, 393 F.3d at 445)
("claims of constitutional violations in the denial of parole [other than ex post facto claims] in
Pennsylvania **need not be presented to the state courts** via a petition for writ of mandamus in
order to satisfy the requirement of exhaustion"). Under those circumstances, the § 2254 petition
would be a mixed petition, and dismissal without prejudice would be warranted. See Rose v.
Lundy, 455 U.S. 509 (1982); see also Rhines v. Weber, 125 S. Ct. 1528, 1531 (2005) (A "mixed"
petition is "a single petition containing some claims that have been exhausted in the state courts
and some that have not.").

[6]Per telephone conversation on Oct. 27, 2008 with the Bureau of Community Corrections
of Pennsylvania's Department of Corrections, this Court confirmed that Williams remains on a
waiting list for placement in a Community Corrections Residency.

[7]As observed in Harper, "[c]onvicted sex offenders are particularly difficult to place
because of the need for community acceptance and because of the community notice
requirements." See Harper, 2007 WL 2713246, at *3 n.4.

parole"); White v. Grace, 2005 WL 1653436, at *2 (M.D. Pa. July 5, 2005) (finding no due

process violation where "[o]nce an acceptable home plan is approved, and provided space is

available in an appropriate [Community Corrections Center], White will qualify for transfer to

that location to continue to serve his sentence until successful completion of the program").

     To the extent that the present petition may be construed as alleging that the Board's most

recent parole decision violated Williams' Fourteenth Amendment right to equal protection, such

a claim is without merit.  A litigant seeking to establish a viable equal protection claim must

show an intentional or purposeful discrimination.  Wilson v. Schillinger, 761 F.3d 921, 929 (3d

Cir. 1985), cert. denied, 475 U.S. 1096 (1986); see Harper, 2007 WL 2713246, at *3.  The Third

Circuit has observed that the Equal Protection Clause "is not a command that all persons be

treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'"

Artway v. Att'y Gen., 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburne v. Cleburne

Living Ctr., 473 U.S. 432, 439 (1985)).  Williams has not provided circumstances indicating that

he was treated differently than others similarly situated.  See Kuhar v. Greensburg-Salem Sch.

Dist., 616 F.2d 676, 677 n.1 (3d Cir. 1980) ("An equal protection claim arises when an

individual contends that he or she is receiving different treatment from that received by other

individuals similarly situated."); Harper, 2007 WL 2713246, at *4 (citing Kuhar); Rivera v.

Gillis, 2006 WL 208803, at *4 (M.D. Pa. Jan. 25, 2006) (quoting Kuhar).  Moreover,

"conclusory habeas allegations unsupported by specifics will not entitle an applicant to relief."

See Sproul v. Grace, 2006 WL 910435, at *4 (M.D. Pa. Apr. 7, 2006) (citing Blackledge v.

Allison, 431 U.S. 63, 74 (1977)).

     With regard to due process, the Fourteenth Amendment states in pertinent part: "nor shall

any state deprive any person of life, liberty, or property without due process of law."  U.S. Const.

amend. XIV, § 1.  However, "[i]t is well-settled that 'there is no constitutional or inherent right

of a convicted person to be conditionally released before the expiration of a valid sentence."

Anderson v. PBPP, 2006 WL 1149233, at *1 (M.D. Pa. Apr. 26, 2006) (quoting Greenholtz v.

Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979)); see Harper, 2007 WL

2713246, at *4; see also White, 2005 WL 1653436, at *2; Rauso v. Vaughn, 79 F. Supp.2d 550,

551 (E.D. Pa. 2000) (Constitution does not create entitlement to parole).  Thus, the Constitution

"does not give a prisoner a general liberty interest in parole protected by the Fourteenth

Amendment."  Perry v. Vaughn, 2005 WL 736633, at *11 (E.D. Pa. Mar. 31, 2005) (citing

Greenholtz, 442 U.S. at 7).  Furthermore, the Pennsylvania parole statute does not create a liberty

interest in the right to be paroled.  Anderson, 2006 WL 1149233, at *1 (citing Burkett v. Love,

89 F.3d 135, 139 (3d Cir. 1996)); White, 2005 WL 1653436, at *2; Rodgers v. Parole Agent

SCI-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996) ("under Pennsylvania law, the

granting of parole is not a constitutionally protected liberty interest"); see also Perry, 2005 WL

736633, at *11.

Therefore, in that the Board's most recent parole decision, as modified, did not deprive

Williams of a liberty interest, his procedural due process rights have not been violated.  See id.;

Hargrove v. PBPP, 1999 WL 817722, at *7 (E.D. Pa. Oct. 12, 1999); see also Harper, 2007 WL

2713246, at *4; White, 2005 WL 1653436, at *2.  Nor has Williams alleged any type of action by

the Board which might give rise to a substantive due process violation, such as a parole decision

based on race, political belief, religion or other impermissible criteria.  See Burkett, 89 F.3d at

139-40 (citing Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980)); Harper, 2007 WL 2713246, at

8

*4; White, 2005 WL 1653436, at *2.

Pursuant to the Board's May 9, 2008 decision modifying its October 26, 2007 decision, Williams has been granted parole to a Community Corrections Residency, and he is now awaiting placement, see supra note 6.  His claims challenging the Board's previous parole decisions, see Petr.'s Br. at 14, as well as his challenges to the Board's October 26, 2007 parole decision prior to the subsequent modification, see Petr.'s Reply (Doc. 19) at 1-2, are moot. Moreover, he fails to raise a claim challenging the Board's most recent parole decision, as modified, giving rise to a constitutional violation.  Accordingly, his § 2254 petition should be denied and dismissed.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  United States v. Drake, 38 Fed. Appx. 698, 699 (3d Cir. 2002) (quoting 28 U.S.C. § 2253(c)(2)); see Miller-EL v. Cockrell, 123 S. Ct. 1029, 1039 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000).  To establish this, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484; see Miller-EL, 123 S. Ct. at 1040.

Here, for the reasons set forth above, since Williams has not made the requisite showing of the denial of a constitutional right and a reasonable jurist could not conclude that the Court would be incorrect in denying and dismissing the habeas petition, a COA should not issue.  See Slack, 529 U.S. at 484.

## R E C O M M E N D A T I O N

**AND NOW,** this 31st day of October, 2008, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and respondent's opposition thereto, it is hereby **RECOMMENDED** that the habeas petition be **DENIED** and **DISMISSED** and that a certificate of appealability should not issue.[8]

 /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

[8]Petitioner is advised that objections to this Report and Recommendation may be filed. See Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.